IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

SCOTTY EDWARDS,

    Petitioner,

v.                                                         No. 1:20-cv-01130-STA-jay

UNITED STATES OF AMERICA,

    Respondent.

ORDER DISMISSING § 2241 PETITION

Petitioner Scotty Edwards has filed a *pro se* habeas corpus petition (the "Petition"), pursuant to 28 U.S.C. § 2241. (ECF No. 1.)[1] The pleading is before the Court for preliminary review. *See* 28 U.S.C. § 2243; *Harper v. Thoms,* No. 02–5520, 2002 WL 31388736, at *1 (6th Cir. Oct. 22, 2002). For the following reasons, the Petition is **DISMISSED**.

On March 18, 2019, Edwards pleaded guilty before the undersigned to two counts of aiding and abetting the robbery of businesses engaged in interstate commerce, in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act robbery"), and two counts of aiding and abetting the knowing use, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c).[2] (*United States v. Edwards*, No. 1:17-cr-10103-STA-2

---

[1] Unless otherwise noted, record citations are to documents filed in the instant case.

[2] The § 924(c) firearm statute provides in pertinent part that, "any person who, *during and in relation to any crime of violence* or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years [and] if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years . . . and[,] if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years." 18 U.S.C. § 924(c)(1)(A)(i)-(iii) (emphasis added). The statute defines a crime of violence as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or

(W.D. Tenn.), ECF No. 170.)  The Defendant was sentenced on July 30, 2019, to a total of 128 months' incarceration and five years of supervised release.  (*Id.*, ECF No. 216.)  No direct appeal was taken.

Edwards filed his Petition on June 15, 2020.  He raises the sole claim that his § 924(c) firearm convictions are invalid after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019).  He argues, specifically, that his aiding and abetting Hobbs Act robbery is not a "crime of violence" for purposes of § 924(c) because *Davis* invalidated the statute's residual clause.  *See Davis*, 139 S. Ct. at 2336 (holding § 924(c)'s residual clause is unconstitutionally vague).

As a general matter, a federal prisoner may challenge the "validity of [his] federal conviction or sentence" only by way of a motion under 28 U.S.C. § 2255.  *Hill v. Masters*, 836 F.3d 591, 594 (6th Cir. 2016).  He may advance such a challenge under § 2241 if he establishes, pursuant to § 2255's "savings clause," that a remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (quoting 28 U.S.C. § 2255(e)).

Section 2255 is not inadequate or ineffective to test the legality of Petitioner's detention on the ground that his firearm convictions are invalid in light of *Davis*.  Edwards has, in fact, asserted his *Davis* claim in a § 2255 petition, which he filed one week prior to the initiation of the present case.  *See Edwards v. United States*, No. 20-cv-01125-STA-jay (W.D. Tenn.), ECF No. 1 at 4.)  That collateral proceeding is currently pending and is adequate to address the *Davis* claim.

---

"that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  18 U.S.C. § 924(c)(3)(A), (B).  The latter language is referred to as the statute's "residual clause."  *United States v. Camp*, 903 F.3d 594, 597 n.2 (6th Cir. 2018).

Therefore, Edwards cannot bring his claim under § 2241.  The Petition is **DISMISSED**.[3]

**IT IS SO ORDERED**.

                                               **s/ S. Thomas Anderson**
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 27, 2020

---

[3] Unlike a state prisoner, a federal prisoner wishing to appeal the denial of a § 2241 petition need not first obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1). *Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).